UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE TUCK,<br><br>                              Plaintiff,<br><br>v.<br><br>AMERICAN ACCOUNTS & ADVISORS INC.<br>a foreign corporation, identity unknown,<br>EQUIFAX, INC.<br>a national credit reporting agency<br>DOES 1 thru 10, inclusively,<br><br>                              Defendants. | Case No.:  3:19-cv-0671-GPC-NLS<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

On April 10, 2019, Debbie Tuck ("Plaintiff"), proceeding *pro se*, filed a complaint against American Accounts & Advisors Inc. ("AAA") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the California Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1785 *et seq.*  She additionally included claims against both AAA and Equifax, Inc. ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1788 *et seq.*

1

Before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2)[1] Having reviewed the motion to proceed IFP, the Court **GRANTS** the motion. Additionally, a *sua sponte* analysis finds Plaintiff's claims are not frivolous or malicious and are sufficient under 28 U.S.C. § 1915(e)(2)(B).

## I. Background

Plaintiff claims AAA has made at least 16 harassing phone calls on her emergency cell phone number since August 29, 2017. (Dkt. No. 1 at 12.) Plaintiff claims these phone calls were amongst at least 50 or more calls, many of which AAA made before 8AM or after 9PM. (Id.) Plaintiff additionally claims AAA, without her consent, made many calls through an automated telephone dialing system ("ATDS"). (Id.) Plaintiff also alleges AAA made several calls on the same day or combined the forgoing when placing its calls to her. (Id.) Plaintiff claims she never provided her emergency cellphone number to AAA for debt collection. (Id. at 12, 16–17.) Plaintiff further alleges that AAA had no right to collect any debt from her and that AAA has failed to provide any proof it has the right to collect debt from Plaintiff despite her numerous requests for investigations and information. (Id. at 13.) Finally, Plaintiff claims that AAA and Equifax have wrongfully placed a negative report based on this false consumer debt claim on her credit report, and that neither entity has removed the negative report despite requests to do so. (Id. at 27–28.)

## II. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The party must

---

[1] Page numbers are based on the CM/ECF pagination.

submit an affidavit demonstrating his or her inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

The Court has reviewed Plaintiff's IFP motion and finds that Plaintiff is unable to pay fees or post securities required to maintain this action. Plaintiff submitted an application stating that Plaintiff and her husband receive income through Social Security Disability payments totaling $400 per month and receive an additional payment of $400 for taking care of an elderly relative. (Dkt. No. 2.) Plaintiff further stated that she has one car valued at $5000, $73.88 in a checking account, and expenses of $1,720 per month. Id. Because Plaintiff's monthly expenses exceed her monthly income, the Court finds that Plaintiff is unable to pay the filing fee. Therefore, the Court **GRANTS** Defendant's motion for leave to proceed IFP.

### III. *Sua Sponte* Analysis

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### a. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. A federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94–95 (1988). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." Mt.

3

3:19-cv-0671-GPC-NLS

Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not claimed diversity jurisdiction in this case. For an action to be based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10–11 (1983). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Plaintiff contends that this Court is the proper forum for litigation under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 15 U.S.C. 1681(n)–(o). (Dkt. No. 1 at 6.) 47 U.S.C. § 227(b)(3) indeed provides a private right of action for individual plaintiffs in federal court. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 371 – 72 (2012) (holding federal and state courts have concurrent jurisdiction over 47 U.S.C. § 227 cases and that the generous state jurisdiction provisions in 47 U.S.C. § 227(b)(3) in no way infringed on a federal court's jurisdictional powers). 15 U.S.C. § 1692k(d) states: "[a]n action to enforce any liability created by this title [15 U.S.C. §§ 1692 *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." By the statute's plain language, Plaintiff may litigate any violations of the FDCPA that occurred in the last year in this Court. Finally, 15 U.S.C. § 1681(n)(a) enables civil actions for willful violations of the FCRA, stating, "[a]ny person who willfully fails to comply with any requirement imposed under this title [15 USCS §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer . . . ." Similarly 15

U.S.C. § 1681(o)(a) states, "[a]ny person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer . . . ." Plaintiff has thus shown that this Court has federal question jurisdiction over the federal statutes she cites.[2]

### b. Claim Analysis

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt,"

---

[2] Since the Court has found original subject matter jurisdiction for the federal claims at hand, it will assume supplemental jurisdiction over the Cal. Civ. Code § 1785 *et seq.* and Cal. Civ. Code § 1788 *et seq.* claims as they appear to be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

5

3:19-cv-0671-GPC-NLS

Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Procedural rules in ordinary civil litigation are not interpreted to excuse mistakes by those who proceed without counsel. McNeil v. United States, 508 U.S. 106, 113 (1993).

### 1. Telephone Consumer Protections Act

The TCPA forbids making "any call… using any automatic telephone dialing system . . . to any phone number assigned to… a cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Congress enacted the TCPA in response to the increased number of consumer complaints due to a larger numbers of telemarketing calls, which it considered to be "nuisance[s] and an invasion[s] of privacy." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (2009). The law "prohibit[s] the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy[,]" id., and provides a private right of action against such users for making "any" call using an ATDS to any cell phone. 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(3). The TCPA itself presents a risk of real harm in the form of an invasion of privacy, and therefore there is no need for the plaintiff to allege any harm ". . . beyond the one Congress has identified." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549–50 (2016).

Plaintiff has alleged that AAA has made 16 harassing calls, many of which came from an automated system to her emergency cell phone. (Dkt. No. 1 at 12.) A plaintiff in a TCPA claim need not include additional details to be sufficient under 28 U.S.C. § 1915(e)(2)(B). See Reichman v. Poshmark, Inc., 267 F. Supp. 3d 1278, 1285–86 (S.D. Cal 2017).

### 2. Fair Debt Collections Practices Act

Congress created the FDCPA to protect consumers from unfair and deceptive debt collection practices. See 15 U.S.C. § 1692. For a plaintiff to recover under the FDCPA, there are three elements: (1) the plaintiff must be a "consumer"; (2) the defendant must

be a "debt collector" under the FDCPA; (3) the defendant must have committed some act or omission in violation of the FDCPA. See Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); see also 15 U.S.C. § 1692a. Plaintiff claims explicitly that all the calls AAA made to her were for consumer debt collection. (Dkt. No. 1 at 18.) Her complaint further specifically alleges that AAA is a debt collector as defined by the FDCPA. (Id. at 20.) Plaintiff asserts three types of FDCPA violations, arising from 15 U.S.C. § 1692c(a)(1), (d)(5), (d)(6), & (e)(10). (Id. at 20–27.)

Plaintiff's factual allegations are sufficient to state a plausible claim that AAA violated the claimed provisions. 15 U.S.C. § 1692c(a)(1) states:

> Without consent of the prior consent of the consumer . . . a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> (1) at any unusual time or place . . . a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

Here, Plaintiff alleges that of the 16 calls, many were before or after the times listed in the FDCPA, and that she never gave her consent to AAA to collect any debt from her or had any business relations with AAA. (Dkt. No. 1 at 21–22.) Plaintiff also provided evidence that she informed AAA several times that she believed AAA was in violation of the FDCPA and asked them to desist or face suit. (Id. at 40–50.) Taking these claims in the light most favorable to Plaintiff, the complaint states a plausible violation of the FDCPA that she could recover for.

Plaintiff alleges sufficient facts to show that she could also recover under 15 U.S.C. § 1692d(5) – (6). Pursuant to § 1692d(5) – (6):

> A debt collector may not engage in any conduct . . . to harass, oppress, or abuse any person . . . the following conduct is a violation of this section:
>
> (5) Causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass . . .

(6) . . . the placement of calls without meaningful disclosure of the caller's identity.

Plaintiff claims that AAA has been oppressing her since September 7, 2017 by calling Plaintiff over 100 times to date. (Dkt. No. 1 at 18.) She further alleges that AAA lied to her on multiple occasions, and in her conversations with AAA, AAA attempted to harass, annoy, and coerce her into paying a debt she does not believe she owes. (Id. at 25 – 26). Plaintiff's allegations do not appear frivolous or malicious and are sufficient to proceed under 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff claims she is entitled to relief under the 15 U.S.C. § 1692e(10). Section 1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff explicitly alleges that AAA lied to her during their numerous conversations, and created false representations to obtain information about herself. (Dkt. No. 1 at 26.) Such allegations do not appear frivolous or malicious and are sufficient to file a claim under § 1692.[3]

Thus, Plaintiff's complaint appears to state a non-frivolous claim for violations fo the FDCPA.

### 3. Fair Credit Reporting Act

Congress passed the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. v. Burr,

---

[3] FDCPA and Cal. Civ. Code § 1788 cases may be construed jointly for the purposes of this IFP motion, since Cal. Civ. Code § 1788 is sometimes referred to as the CA FDCPA. *See e.g.*, Wyatt v. Creditcare, Inc., No. 04-03681-JF, 2005 U.S. Dist. LEXIS 25787 (N.D. Cal. Oct. 21, 2005). Because Plaintiff has pleaded sufficient factual matter to file a claim under the FDCPA, she has by extension passed muster with respect to her Cal. Civ. Code § 1788 claim as well.

551 U.S. 47, 52 (2007). Pursuant 15 U.S.C. § 1681s-2(b), those supplying information to a credit reporting agency ("CRA") who receive notice that a consumer disputes information on a credit report must: (1) conduct an investigation; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report those results to all other CRAs to which they have furnished information if the information is found to be incomplete or inaccurate; and (5) modify, delete, or permanently block reporting of that information when reporting to a CRA if the disputed information is found to be inaccurate, incomplete, or unverifiable after reinvestigation. Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002); Nissou-Rabban v. Capital One Bank (USA), N.A., 285 F. Supp. 3d 1136, 1147 (S.D. Cal. 2018); 15 U.S.C. § 1681s-2(b). Importantly, the Ninth Circuit has found that "[t]hese duties arise only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received directly from the consumer does not trigger a furnishers' duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). However, failure to report a bona fide dispute, namely, a dispute that "could materially alter how the reported debt is understood . . . gives rise to a furnisher's liability under § 1681s-2(b)." Id. at 1163; 15 U.S.C. § 1681s-2(b).

Plaintiff provided documentation showing she submitted multiple requests to AAA demanding it provide evidence for her debts, and if AAA could not provide such evidence, Plaintiff requested that AAA remove the negative report on her credit. (Dkt. No. 1 at 40 – 50.) Plaintiff alleges that she did not receive an adequate response from AAA, nor any "*cooperation whatsoever*" (emphasis in the original). (Id. at 28.) Plaintiff also alleges that she sent the same documents to Equifax. (Id.) These allegations are sufficient to demonstrate that Plaintiff has a claim that is not frivolous and may be entitled to relief.[4]

---

[4] Plaintiff's FCRA and Cal. Civ. Code § 1785 *et seq.* claims are based on the same evidence "[b]ecause the CCRAA's requirements of completeness and accuracy mirror those found in the FCRA, judicial

9

## IV. Conclusion

Based on the reasoning above, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **FINDS** that a *sua sponte* analysis under 28 U.S.C. § 1915(e)(2)(B) provides no barrier to further proceedings.

The Court cautions Plaintiff, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." <u>Teahan v. Wilhelm</u>, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**IT IS SO ORDERED.**

Dated: June 17, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

interpretations of the federal provisions are 'persuasive authority and entitled to substantial weight when interpreting the California provisions.'" <u>Nissou-Rabban</u>, 285 F. Supp. 3d at 1152 (citations omitted).